CAMPBELL BANKING CO. v. HAMILTON.
(No. 1504.)

(Court of Civil Appeals of Texas. Amarillo. March 19, 1919.)

1. BOUNDARIES ☞48(4) — DISPUTED LINE—EVIDENCE.

Long acquiescence, while strongly tending to show the true location of a disputed boundary line, will not control if it is otherwise shown to have been actually located elsewhere, unless the acquiescence amounts either to an estoppel or an agreement as to boundary.

2. APPEAL AND ERROR ☞1064(1)—HARMLESS ERROR—DISPUTE AS TO LINE—INSTRUCTION.

An incorrect charge as to estoppel by long acquiescence in a disputed boundary line held not such as would withdraw facts tending to show consent or acquiescence on the part of a former owner to its establishment, and not prejudicial, since it left the jury free to ascertain whether there was an agreement to fix a line and whether it was established at the alleged point by agreement.

3. BOUNDARIES ☞37(5) — AGREEMENT AS TO BOUNDARY—EVIDENCE.

In an action involving a boundary dispute, evidence held insufficient to show that the parties had actually agreed to a boundary line, as alleged.

Appeal from District Court, Archer County; Wm. N. Bonner, Judge.

Suit by George B. Hamilton against the Campbell Banking Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 173 S. W. 1012.

Nicholson & Fitzgerald, of Wichita Falls, for appellant.

Kay & Akin, of Wichita Falls, for appellee.

HUFF, C. J. The appellee Hamilton instituted suit against Campbell Banking Company, the appellant, to fix the boundary line between the north and south half of section 1810, Texas Emigration Company survey in Archer county, Tex., the north half being owned by the Campbell Banking Company and the south half by Hamilton. It was agreed in the trial court that the action was a boundary line suit, and that E. S. Cooper was the common source of title. E. S. Cooper sold the north 160 acres to the Campbell Banking Company and the south 160 acres to Geo. B. Hamilton, the appellee contending that there was an excess of acreage in the section of land, and the defendant, appellant, contending there was no excess; and, in addition to that issue, the appellant pleaded that after it bought the north half of section 1810 from E. S. Cooper it had an agreement with Cooper to run out and establish the boundary line between their respective lands; that they agreed upon a survey-or, who did establish the boundary line between their lands, and that Cooper agreed to the line as the true boundary line and appellant built his fence just 10 feet north of the line so run, leaving the 10 feet for its portion of the roadway between the land; that Cooper acquiesced in the line, and recognized the same, and knew that the fence was built by appellant, believing that the boundary line was settled, and that appellee was estopped from claiming any land north of said line; that appellee's vendor, Cooper, lived on the land at the time the fence was built and the line run and established, and cultivated and used the land for one year thereafter, and recognized the boundary line thus established as true boundary line between said tracts of land, and never at any time raised any objection or complained, or in any manner indicated that he was not satisfied with the line as run, and expressed himself as absolutely agreeable thereto. The case was submitted to the jury upon special issues, and the jury found that the true line was 672 varas south of Campbell's north fence on block No. 1810. They found that Cooper and Campbell had no agreement locating or fixing the boundary line between their land.

[1, 2] The first and second assignments assert error on the part of the trial court in charging as to acquiescence and submitting of the issue thereon. The court, in effect, instructed the jury that, where there was a dispute between adjoining proprietors of land as to the true dividing line, and one builds his fence and improves the land with reference to a particular line contended for by him as the true line, and the other respects and long acquiesces in such line, he is bound by such respect and long acquiescence in said line, and cannot afterwards dispute said line and claim that it is somewhere else, even though it may not be the true location; and the fourth issue submitted was whether Cooper, at the time the fence was erected by Campbell, knew that Campbell was claiming and relying on the line between them thus established as the true line, and whether Cooper respected and long acquiesced in the use of the line as the true line between the lands. The jury answered this issue in the negative. Under the facts of this case the issue submitted, as we regard the matter, was wholly immaterial. According to appellant's evidence, Cooper was then the owner of the adjoining land, and entered into an agreement to have the line run and established, and that it was so established, and that appellant built its fence in accordance with the agreement, and that Cooper accepted the line as the division line, and recognized it for a year before he sold it to the appellee. Cooper denies by his testimony that he entered into the agreement to

establish the line so run as the division line between them, and after it was run simply stated that it would be all right with him, provided it was the correct and true line. It is well settled that general reputation and long acquiescence, while strongly tending to show the true location of a disputed line, will not control if it is otherwise shown to have been actually located elsewhere, unless the acquiescence amounts either to an estoppel or an agreement as to the boundary. Bohny v. Petty, 81 Tex. 524, 17 S. W. 80; Schunior v. Russell, 83 Tex. 83, 18 S. W. 484; Wiley v. Lindley, 56 S. W. 1001; Camp v. League, 92 S. W. at page 1066. Also Bundick v. Moore-Cortes Canal Co., 177 S. W. at page 1036. We do not think the objections of the appellant to the charge and issue should be sustained. It is possible that facts and the pleadings authorized the submission of acquiescence as an estoppel, and should have, upon proper request being made, been so submitted. The charge of the court, as will be seen from the above quotation, was not correct as a proposition of law, but as the facts did not require acquiescence as an aid to prove the boundary, there was no necessity for the charge or the issue as submitted. But as we conceive it, no injury to appellant is shown, and we do not feel authorized in holding that it did probably cause an improper verdict. We do not understand that the charge or issue would withdraw the facts tending to show consent or acquiescence on the part of Cooper to the establishment of the line where Campbell placed it on the issue of an agreement to so fix the division line. The jury were left free to look to such acquiescence in ascertaining whether there was an agreement to fix the line, and whether it was established at that point by agreement.

[3] The third assignment assails the finding of the jury to the effect that Cooper and Campbell did not have an agreement locating and fixing the boundary line between their lands. The testimony of Cooper would authorize the jury in finding that Campbell proposed that they procure a brother of Mr. Campbell who had a surveying outfit to locate the division lines between the two tracts of land, and in order to save expenses Cooper agreed that the brother might be used for that purpose, but that he was to be present when the line was run, and that the purpose was to find the true line; that Campbell and his brother, in the absence of Cooper, ran and staked the line, and afterwards saw Mr. Cooper and asked him if he had seen the line, and if it was satisfactory, and he told them he had seen the stakes where they had run the line, and it was satisfactory, provided the line was correctly run, and was at the right place, but that he did not assent or agree upon the line as being prop-

erly located, but only did so if it was the true dividing line. Campbell afterwards erected his fence, and, while Cooper offered to build his part of the fence, Campbell declined on the ground that he did not want a partnership fence, etc. We think from these facts the jury were authorized to find that there was no agreement to fix the line as run by Campbell as the true division line or as the division line between the parties. The facts in the case strongly suggest it was the purpose of Cooper and Campbell to locate and fix the true boundary line between their respective tracts, or at least that was Cooper's purpose. Campbell ran and staked the line in the absence of Cooper, and when he met Cooper he was asked if it was satisfactory, and Cooper told him it was if it was the true line. In this statement he is corroborated by his wife. We do not think this would amount to an agreement to fix the line at the place run and in order to settle the controversy. It was the purpose in agreeing to the survey to fix the true line, and, if it was not placed on the true line, neither party would be bound by the line so run. Schraeder v. Packer, 129 U. S. 688, 9 Sup. Ct. 385, 32 L. Ed. 760; Ware v. Perkins, 178 S. W. at page 849, and authorities cited. This will also dispose of the fourth, fifth, and sixth assignments.

We find no such error assigned as will require a reversal of the judgment, and it will therefore be affirmed.